THOMPSON, Presiding Judge,
dissenting.
I must respectfully dissent because I conclude that the trial court’s property division and alimony award are inequitable. It is not clear from the judgment what valuation the trial court placed on the marital assets. The trial court’s statement of the evidence indicates that Hannah Caroline Crowder (“the wife”) was awarded assets with a valuation range of $71,500 to $82,000, plus $300 per month in periodic alimony. Donnie Steve Crowder (“the husband”) was awarded assets with a range in value of between $463,000 and $484,000. Although I recognize that the trial court might have determined that the wife’s conduct caused the breakdown of the marriage, given the 25-year length of the marriage, I cannot agree that an award of approximately 14% of the marital assets is an equitable property distribution.
In reaching my estimation of the valuations of the parties’ marital assets, I note that I included the valuation of the husband’s individual retirement account (“IRA”) at the time the divorce action was filed. Although the husband used funds from that account to pay pendente lite support obligations for the wife, he also used those funds to support himself and to purchase assets for himself and the parties’ son. There is no indication in the record that the IRA lost value due to market fluctuations. Therefore, given the facts, I believe that the IRA is a marital asset subject to division, and I believe that it should have been valued as of the date of the parties’ separation, i.e., the valuation that represented the amount expended to create or fund that marital asset.[3]
Unlike the main opinion, I also conclude that the Georgia parcel and the Fayette-ville parcel were both marital assets subject to division and that the trial court abused its discretion to the extent that it might have concluded that those assets were not subject to division under § 30-2-51(a), Ala.Code 1975. Although the husband inherited the Georgia parcel, the trial court’s statement of the evidence indicates that the parties lived on that property for five years during the marriage, and the parties made improvements to the house *141 on that property; therefore, that asset was used for the common benefit of the marriage and should be considered in the property division. The Fayetteville parcel was titled in both parties’ names and was the property on which the marital residence was located at the time of the parties’ separation; the husband used inherited funds to improve the value of that marital asset subject to division. The trial court may consider the source of an asset in fashioning its property division, but it should not necessarily exclude the asset from division because one party, or his or her family, primarily funded the acquisition of the marital asset. I also disagree with the main opinion’s affirmance of the property division insofar as it is based, in part, on “the wife’s lack of any significant economic contribution to the marital assets.” 166 So.Bd at 139. There is no requirement that each spouse make an equal or “significant” economic contribution toward the accumulation of marital assets. Such a requirement would endanger the interests of a spouse who does not work outside the home in order to take care of the home and raise the family’s children and who makes sacrifices in order to save for the family’s anticipated future needs.
I believe that the property division and alimony award, taken together, are inequitable and should be reversed, and, therefore, I will not provide an opinion on the amount of alimony awarded in this action. I note, however, that the purpose of periodic alimony is to allow a receiving spouse to maintain, to the extent possible, the lifestyle the parties enjoyed during the marriage. See Rieger v. Rieger, 147 So.3d 421, 431 (Ala.Civ.App.2013) (discussing the considerations that determine the appropriateness of an award of periodic alimony). An analysis of the periodic-alimony issue under the law discussed in Rieger might, arguably, warrant an affirmance of the periodic-alimony award if the property division had been equitable. However, I disagree with the main opinion’s dismissal of some parts of the wife’s statement of her living expenses, which I conclude to be reasonable. In my opinion, the main opinion incorrectly considers whether certain expenses are “necessities,” as opposed to expenses that were normal for the parties’ lifestyle during their marriage and that a party might expect or hope to continue after the divorce.

. Even assuming that the trial court properly valued the IRA at $107,000, the husband would have received property valued at between $306,500 and $397,000, resulting in a property division awarding him 81% to 83% of the marital assets, a division I conclude is still inequitable.